IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LEXTER KENNON KOSSIE,** § <br> **#700661,** § <br>         **PLAINTIFF,** § <br> § <br> v. § <br> § <br> **JANET YELLEN, ET AL.,** § <br>         **DEFENDANTS.** § | **CIVIL CASE NO. 3:21-CV-3119-S-BK** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On December 14, 2021, Lexter Kennon Kossie, a state prisoner, filed a *pro se* complaint against Janet Yellen, Secretary of Department of the Treasury, and Charles Reittig, Commissioner of the Internal Revenue Service ("IRS"). Doc. 2 at 1. He complains that the IRS failed to send him the first and second Economic Impact Payments ("EIP") pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020). Doc. 2 at 1; Doc. 8 at 2-3 (*Supplemental Complaint*). Thus, he requests judgment against the Defendants for $1,800 interests and court costs—$1,200 for the first EIP and $600 for the second EIP. Doc. 8 at 3.

The CARES Act provided for EIPs to be paid directly to eligible individuals through a "tax credit." *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008, 1021 (2020). The Act further provided that certain tax payers were "eligible for an advance refund of the tax credit." *Id.* Liberally construed, Kossie's complaint seeks a tax refund. Upon review, however, he did not exhaust his administrative remedies and, thus, the Court lacks jurisdiction over his request for a tax refund. Therefore, Kossie's complaint should be dismissed.

**II. ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Under 28 U.S.C. § 1346(a)(1), the United States consents to be sued in the district court for a tax refund. Before filing suit, however, a taxpayer must exhaust his administrative remedies by filing a claim for a refund with the IRS. *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 7-8 (2008); 26 U.S.C. § 7422(a).[1] "To overcome sovereign immunity in a tax refund action, a taxpayer must file a refund claim with the IRS within the time limits established by the Internal Revenue Code." *Duffie v. United States*, 600 F.3d 362, 384 (5th Cir. 2010) (citations omitted).

---

[1] Section 7422(a) provides as follows: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.". 26 U.S.C. § 7422(a).

In answer to the *Magistrate Judge's Questionnaire*, Kossie alleges that he filed a "Simplified Form 1040 for purposes of obtaining the $1,200 Economic Impact Payment" in November 2020. Doc. 7 at 2. Kossie also avers he mailed written inquires to the IRS when he did not receive a response. *Id.* But Kossie does not allege that he filed an administrative claim as required by § 7422(a) of the Internal Revenue Code. Doc. 7 at 2. Because Kossie has not exhausted his administrative remedies, the Court lacks jurisdiction over his request for a tax refund. *See Duffie*, 600 F.3d at 384 ("A taxpayer's failure to file a timely refund claim with the IRS deprives the district court of subject-matter jurisdiction."); *Durrette v. Dep't of Treasury - Internal Revenue Serv.*, No. A-21-CV-618-RP, 2021 WL 3761223, at *2 (W.D. Tex. Aug. 25, 2021) (dismissing for lack of jurisdiction request for EIP where the prisoner plaintiff failed to file an administrative claim under § 7422(a)); *Gardner v. IRS*, No. A-22-CV-057-RP, 2022 WL 278707, at *2 (W.D. Tex. Jan. 28, 2022) (same).

Accordingly, Kossie's complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts alleged by Kossie in his complaint and his answers to the Magistrate Judge's Questionnaire clearly demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For the foregoing reasons, it is recommended that the complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on March 4, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).